# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00102-CR

**Isaul Tavera, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-00-007029, THE HONORABLE JON N. WISSER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea bargain, appellant Isaul Tavera pled guilty to the felony offense of unlawful restraint in exchange for a suspended sentence and placement on community supervision. *See* Tex. Penal Code § 20.02(a), (c)(2)(A); Tex. Code Crim. Proc. art. 42.12, § 3. Subsequently, the trial court granted the State's motion to revoke community supervision and assessed appellant's punishment at three years' confinement in the Texas Department of Criminal Justice. *See* Tex. Code Crim. Proc. art. 42.12, §§ 21, 23. Appellant now appeals the judgment revoking his community supervision.[1]

---

[1] Appellant originally pled guilty in 2001. His community supervision was revoked in May 2006. No notice of appeal was filed. However, the Texas Court of Criminal Appeals granted appellant the opportunity to file an out-of-time appeal because he was denied his right to appeal through no fault of his own. *See Ex parte Tavera*, No. AP-76,949, 2013 WL 172861, at *1 (Tex. Crim. App. Jan. 16, 2013).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Counsel attempted to provide appellant with copies of the motion and brief and to notify appellant of his right to review the record and submit a pro se response; he was unable to do so because appellant's whereabouts are unknown. Counsel has advised this Court that, even with the assistance of appellant's family, he has been unable to locate appellant.[2] A defendant who fails to keep his attorney informed of his current address forfeits the right to receive a copy of the *Anders* brief and the right to file a pro se response. *In re Schulman*, 252 S.W.3d 403, 408 n.21 (Tex. Crim. App. 2008) (citing *Gonzales v. State*, 903 S.W.2d 404, 405 (Tex. App.—Texarkana 1995, no pet.). Appellant has not kept his counsel informed as to his current address. Accordingly, we hold that appellant has waived his right to notification and receipt of counsel's motion to withdraw and accompanying *Anders* brief as well as the right to submit a pro se response.

---

[2] Counsel advised this Court that appellant currently resides in Mexico (following his second deportation back to that country) but his address is unknown. Counsel was able to make contact with appellant's sister living in Texas who informed counsel that appellant lives in a remote area and does not have a physical address for mail purposes. Counsel advised appellant's sister of the situation and forwarded copies of the motion and brief to her along with a letter advising appellant of his right to review the appellate record and file a pro se response. Appellant's sister indicated that she would notify appellant through other family members in Mexico. Appellant has not communicated with appointed counsel or this Court and no pro se response has been filed.

We have conducted an independent review of the record and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.

However, as the State noted in its reply brief, the judgment revoking community supervision and attendant order imposing sentence contain non-reversible errors. The judgment and order reflect that the trial court found that appellant violated the conditions of his community supervision by "fail[ing] to pay community supervision monies as ordered by the court" and by committing three subsequent criminal offenses. However, the record from the revocation hearing reflects that the trial court found only allegations 1, 2, 3, 4, and 5 of the motion to revoke to be true and in so doing found that appellant "fail[ed] to report, fail[ed] to pay court ordered monies, [and] fail[ed] to complete community service." The court did not make any findings as to the other allegations concerning the commission of new criminal offenses. Further, the court explicitly based the revocation of appellant's community supervision on the findings made. When a trial judge's orally pronounced sentence conflicts with the subsequent written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment revoking community supervision and order imposing sentence to delete the trial court's findings that appellant violated the conditions of community supervision by committing new criminal offenses and to reflect only the grounds

3

orally pronounced by the trial judge:  the failure to report, the failure to pay court ordered monies, and the failure to complete community service.  *See Turnbull v. State*, No. 03-11-00145-CR, 2013 WL 5966173, at *4 (Tex. App.—Austin Oct. 24, 2013, pet. ref'd) (mem. op., not designation for publication) (modifying judgment adjudicating guilt to properly reflect trial court's oral pronouncement of findings on allegations supporting adjudication).

As modified, the trial court's judgment revoking community supervision is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Modified and, as Modified, Affirmed

Filed:   September 12, 2014

Do Not Publish

4